### BOYCE *v.* WILLIAMS.

APPEAL—VENDOR AND PURCHASER—FRAUD.

> A decree dismissing, as not sustained by the proofs, a bill to correct the descriptions in a land contract, based upon the alleged fraud of the defendant in omitting therefrom certain lands agreed to be included in the sale, was affirmed.

Appeal from Bay; Maxwell, J. Submitted January 8, 1897. Decided May 11, 1897.

Bill by Jonathan Boyce against Edward Y. Williams to correct the descriptions in a land contract. From the decree rendered, complainant appeals. Affirmed.

*J. L. Stoddard*, for complainant.

*E. A. Cooley*, for defendant.

LONG, C. J. This bill is filed to correct the descriptions of property contained in a contract of sale. The property

is situate in and adjoining to the village of Essexville, township of Hampton, Bay county. The contract was executed by defendant, Williams, and John Heath, who were the owners of certain property situate in the township of Hampton. The complainant became the purchaser, and it is claimed by him that he had negotiated with those parties for the purchase of all the property owned by Heath & Williams in the township of Hampton; that, the purchase price having been agreed upon, the parties met at the office of Mr. H. M. Gillett for the purpose of reducing their agreement to writing; that neither the complainant, who acted for himself, nor Mr. Gillett, who represented John Heath, had any knowledge of the description and particular boundaries of the property; that Mr. Williams was the only person present who had such knowledge, and that, for that reason, all the parties relied absolutely upon him for the descriptions of the property, and upon his honesty that those descriptions should be accurate. It is claimed that Mr. Williams, in pursuance of a fraudulent and dishonest purpose, in giving the descriptions to be put in the contract, deliberately and intentionally kept out certain of them, representing that those he gave embraced all the property which Heath & Williams owned in the township of Hampton.

The whole question in controversy is one of fact, and the parties do not agree as to what the arrangement was as to the amount of land to be conveyed, or the particular descriptions thereof, under this contract. At the time the contract was drawn up, maps and plats were produced, from which descriptions were taken, and, after the contract was completed, it was read over by Mr. Gillett in the hearing of all the parties, was signed, and the parties then separated. Afterwards Gillett prepared a deed from Heath and wife to Mr. Boyce, conveying their interest to him, and in that deed the property was described exactly as in the contract. Mr. Gillett also prepared a deed for Mr. Williams and his wife to sign, following exactly the language of the contract, except that he inserted therein

a clause stating that the sale covered all the property owned by Williams & Co. in the township of Hampton. This deed Williams refused to sign, claiming that he had not agreed to sell all land owned by the company in the township of Hampton. Thereafter, upon Boyce's claim that he had been deceived, Mr. Heath and his wife made a deed to him of his (Heath's) interest in the balance of the property which Boyce claimed. Boyce thereafter requested the conveyance from Williams of his undivided one-third interest in the balance of the property, which Williams refused to execute. It was thereafter discovered that a mistake had been made as to the relative portions which Heath and Williams owned. In the contract and in the deed it was stated that Heath was the owner of two-thirds and Williams of one-third. As a fact, Mr. Heath owned five-eighths and Williams three-eighths. Williams thereupon offered to convey an additional one-twenty-fourth interest, and a tender was made of this in the answer of Mr. Williams. On the hearing, the court made a decree directing that Williams convey the one-twenty-fourth interest, and, upon such conveyance, that complainant's bill be dismissed, giving costs of the proceedings to complainant up to the time the answer was filed, and giving defendant costs for all subsequent proceedings in the cause.

It seems that considerable time was taken up by both parties in the negotiations which led to the making of the contract. Mr. Boyce and his agent had visited the property. Williams had offered it for $40,000, again at $35,000, and, on the day the contract was made, the proposition was made at $30,000, and was accepted by Mr. Boyce.

We have carefully examined the testimony, and we are not able to reach the conclusion that Mr. Williams fraudulently withheld any descriptions of land which it was understood between the parties should be covered by the contract, or that the contract was that Boyce should have all the land owned by Heath & Williams in the

township of Hampton. It would not profit the parties or the bar to set out the testimony given upon this record. The court below reached that conclusion, and we are satisfied that the complainant has made no such showing upon this record as entitles him to have a reversal of that decree.

The decree will be affirmed, with costs of this court to the defendant.

The other Justices concurred.